

1 8(

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Mrs. Artie Fultz
County Attorney
Grimes County
Anderson, Texas

Dear Mrs. Fultz:

Opinion No. O-6042
Re: Whether expenses incurred
in surveying common school
districts of Grimes County
should be paid out of the
general fund of the County.

Your letter of June 26, 1944, requesting the opinion of this department on the question stated therein is as follows:

"Grimes County is contemplating the re-surveying of its common school districts which have been organized under Articles 2741 and 2861, Revised Civil Statutes of Texas, 1925. The school officials of the county are of the opinion that the surveyor's charges should be assessed against the General Fund of the County, and base this opinion on an Attorney General's Opinion rendered in 1916.

"Question: Are expenses incurred in surveying common school districts of Grimes county properly payable out of the General Fund of the county?

"In 'The Handbook of Texas School Law', edited by L. C. Hinsley, and published by The Steck Company of Austin, on page 261, I find the following 'Ruling of Attorney General'.

"Expenses of making necessary surveys to sub-divide a county into convenient school districts cannot be paid from school funds of the county or school districts but should be paid from the general fund of the county. (1916).

"I would like very much to know whether or not the above and foregoing attorney general's opinion has been overruled, and if it still prevails, I would appreciate your sending me a copy of the same."

ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST

Art. 2681, V.A.C.S., authorizes the county school trustees to exercise the authority heretofore vested in the Commissioners' Court with reference to subdividing the county into school districts, and making changes in school district lines. Said statute reads as follows:

"The county school trustees are authorized to exercise the authority heretofore vested in the commissioners' court with respect to subdividing the county into school districts, and making changes in school district lines. Said trustee shall call an annual joint meeting of the district and county school trustees of the county to be held at the county seat at some convenient season in August or September of each year, to be presided over by the chairman of the county school trustees. They shall consider questions dealing with the location of high schools, and the teaching of high school subjects, the classification of schools, and such other matters as may pertain to the location, conduct, maintenance, discipline of schools, the terms thereof, and other matters of interest in school affairs of the county, and the county school trustees shall be guided in their action by the result of the deliberation of such meeting, not inconsistent with law. The county school trustees may also call other meetings of the district school trustees, when deemed necessary by them, or on the petition of a majority of such district school trustees. The county superintendent, as secretary to county school trustees, will keep an accurate and complete record in a well bound book provided for that purpose, the field notes of all changes made in school district lands, and of all proceedings of the county school trustees. A certified copy of such change in a school district line, shall be made and transmitted by the county superintendent to the county clerk, and the county clerk shall record the field notes and certified copy of such change in a well bound book to be designated as the 'Record of School Districts'. In providing better schooling for the children and carrying out the provisions of Art. 2678, the county superintendent shall, on recommendation of the county school trustees, transfer children of scholastic age from one school district to another, the amount of funds to be transferred with each child of scholastic age shall be the amount to which the district from which the child is transferred is entitled to receive."

It is stated in the case of State ex rel. Flores, et al, vs. Bravo, 162 S. W. 2d, 1052:

"After June 4, 1911, the only proper authority to lay out or establish a school district, or to alter the boundaries of the same, was the County Board of School Trustees, and any attempt on September 23, 1911, by the Commissioners' Court of Zapata County, to enlarge the boundaries of Common School District No. 1 was wholly void and of no effect."

It will be noted that Art. 2681, supra, expressly authorizes the county school trustees to subdivide the county into school districts and make changes in the school district lines. It is apparent from your letter that it is contemplated that all of the common school districts of Anderson County are to be resurveyed. It is not stated that the County Board of School Trustees contemplates a subdivision of the county into school districts or making changes in school district lines. For the purposes of this opinion, we must assume that said county has heretofore been subdivided into school districts and that the surveys and the field notes thereof have been duly recorded by the county clerk and that all such proceedings have been in accordance with law applicable to such proceedings. As we understand your request, it is the purpose of the County Board of School Trustees to resurvey all the common school districts of said county. It is our opinion that Art. 2681, supra, does not authorize such an undertaking. The statute only authorizes the subdividing of the county into school districts and making changes in school district lines. Under the facts stated, it does not appear that the County Board of School Trustees desires to subdivide the county into school districts or to make any changes in the school district lines. Therefore, it is our opinion that the County Board of School Trustees has no authority to resurvey all the common school districts in the county when such resurveying is not done for the purpose of changing the lines of said districts or subdividing the county into school districts. The County Board of School Trustees, like other governmental administrative boards, departments or agencies, possesses only such power as is authorized by statute or the Constitution. Therefore, in the absence of such authorization, we hold that the County Board of School Trustees has no authority to resurvey all the common school districts in Anderson County. As it is our opinion that the County Board of School Trustees does not have authority to resurvey the common school districts of said county, it necessarily follows that the question pertaining to the expenses incurred in such a survey and the fund or funds from which such expenses are to be paid becomes moot and requires no further discussion.

183

You mention an opinion of this department rendered in 1916. A careful search of the files of this office does not disclose that a copy of such opinion is now in the files of this office; however, the office of the State Superintendent of Public Instruction has presented us with a brief synopsis of the holding of said opinion, and it is apparent that this opinion has no application to the question under consideration in that said opinion pertains to expenses incurred in the creation of a common county line school district and in making subdivisions of the county into school districts. In our opinion No. O-3416, the following question was under consideration.

"Does the County Surveyor become entitled to fees or compensation for compiling field notes for the Commissioners' Court? In the instant case the County Surveyor compiled field notes on consolidating the boundaries of the Midway Common School District No. 21 and the Mars School District No. 100, into one combined common school district, and now he presents the Commissioners' Court with a bill for such services."

In that opinion (No. O-3416), it was stated, among other things:

"Art. 2741 and 2742, V.A.C.S., requires the Commissioners' Court to give the metes and bounds of each common school district and designate the same carefully by giving the whole surveys and parts of surveys with acreage of whole surveys . . . . And the county clerk is required to record the same. . . As it is the duty of the Commissioners' Court to comply with the provisions of Art. 2741 and 2742, ..."

The foregoing statement contained in Opinion No. O-3416 is hereby expressly overruled.

This opinion is not to be construed as holding that the county school trustees are not authorized to subdivide a county into school districts and make changes in the school district lines Stated another way, this opinion merely holds that the County Board of School Trustees has no authority to resurvey all the common school districts in a county where it is not desired to subdivide the county into school districts or make changes in the school district lines.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By [signature] Ardell Williams

Ardell Williams
Assistant

APPROVED JUL 5, 1944

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN